UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA LINER,<br><br>                               Plaintiff,<br><br>-against-<br><br>KATHY HOCHUL, GOV.; STATE OF NEW YORK; RAMON ALVAREZ; OFFICER MICHAEL DAVID 40TH PRECINT; JOHN DOE 1# OFFICER 40TH PRECINT; JOHN DOE 2# OFFICER 40TH PRECINT,<br><br>                               Defendants. | 21 Civ. 11116 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

      Plaintiff Joshua Liner, who appears *pro se*, brings this action for damages and injunctive relief, alleging that the defendants have violated his federal constitutional rights. Plaintiff sues: (1) Governor Kathy Hochul; (2) the State of New York; (3) an alleged squatter who is living in Plaintiff's Bronx apartment, Ramon Alvarez; (4) Police Officer Michael David; (5) unidentified Police Sergeant or Officer "John Doe 1"; and (6) unidentified Policer Officer "John Doe 2." The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

      Plaintiff has paid the fees to bring this action. For the reasons discussed below, the Court dismisses Plaintiff's claims against the State of New York and Defendant Alvarez. The Court also directs the Corporation Counsel of the City of New York to provide to Plaintiff and the Court the identities and badge numbers of Defendants "John Doe 1" and "John Doe 2." The Court further directs the Clerk of Court to issues summonses for Governor Hochul and Defendant David.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if the Court determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). But the Court has the inherent power to dismiss without granting leave to replead where amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.   The State of New York**

The Court must dismiss Plaintiff's claims against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for

money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment thus precludes Plaintiff's claims under Section 1983 against the State of New York. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101–02. Accordingly, the Court dismisses Plaintiff's claims against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B.     Defendant Alvarez**

The Court must also dismiss Plaintiff's claims against Defendant Alvarez. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, italics in original). Private entities are therefore not

3

generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

Plaintiff asserts claims under Section 1983 against Defendant Alvarez, a private individual, arising from his alleged continued residence in Plaintiff's apartment despite owing Plaintiff rent arrears. Plaintiff has alleged no facts showing that Defendant Alvarez is a state actor.[1] The Court therefore dismisses Plaintiff's claims under Section 1983 against Defendant Alvarez for failure to state a claim on which relief may be granted. The Court denies Plaintiff leave to replead these claims as it would be futile. *See Hill*, 657 F.3d at 123–24.

C.     **"John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Police Department ("NYPD") to identify the unidentified "John Doe" defendants. They include any NYPD sergeant or police officer assigned to the NYPD's 40th Precinct who, because of accusations made by Defendant Alvarez, arrested Plaintiff, including on November 23, 2021. It is therefore ordered

---

[1] To the extent that Plaintiff asserts claims under Section 1983 against Defendant Alvarez arising from his summoning police or reporting Plaintiff to the police, such acts do not make Alvarez a state actor for the purpose of Section 1983 liability. *See, e.g.*, *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) ("[S]ummoning police or requesting that police take action . . . simply does not suffice to constitute joint action or to convert the private party into a state actor. Indeed, even if a private party provides false information to police . . . such provision alone does not constitute joint action actionable under § 1983.") (citations omitted), *appeal dismissed*, No. 13-4093 (2d Cir. Nov. 13, 2013) (dismissal effective Nov. 27, 2013).

that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each of the unidentified "John Doe" defendants whom Plaintiff seeks to sue here, and the address where each of those defendants may be served. The Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to issue summonses for the newly identified defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the State of New York and Defendant Alvarez.

The Court also directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007. An amended complaint form is attached to this order.

The Court further directs the Clerk of Court to issue summonses for Governor Kathy Hochul and Defendant Michael David. The Court directs Plaintiff to serve summonses and the complaint on Governor Hochul and Defendant David within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not served Governor Hochul and Defendant David, or requested an extension of time to do so, the Court may dismiss Plaintiff's claims

against those defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 17, 2022
          New York, New York

                                                        _____
                                                        EDGARDO RAMOS
                                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

I. **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A. **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B. **If you checked Diversity of Citizenship**

1. **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                State               Zip Code

_____

Telephone Number            Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

    First Name    Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City    State    Zip Code

Defendant 2:

    First Name    Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City    State    Zip Code

Defendant 3:

    First Name    Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City    State    Zip Code

Defendant 4:

    First Name              Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City            State            Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____          _____
First Name          Middle Initial          Last Name

_____
Street Address

_____          _____
County, City                              State                    Zip Code

_____          _____
Telephone Number                          Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.